UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY OPPMAN,

    Plaintiff,

-vs-                                            CASE NO.:

TRUTHFINDER, LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Mary Oppman (hereinafter "Plaintiff"), sues Defendant, TruthFinder, LLC, and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

**PRELIMINARY STATEMENT**

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION**

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4.    Venue is proper in this District as Plaintiff is a natural person and a resident of Pinellas County, Florida; the violations described in this Complaint occurred in this District; and the Defendants each transact business within this district.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

6.    TruthFinder, LLC ("Truth Finder") is a corporation with its principal place of business located at 2534 State Street #473, San Diego, CA 92101, which conducts business in the State of Florida.

7.    Truth Finder is a "consumer reporting agency," as defined by the FCRA. Truth Finder is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

8.    Truth Finder disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

9.    Plaintiff applied to do volunteer work at a charity organization's thrift store in Pinellas County, Florida.

10.   The thrift store used Truth Finder to obtain a consumer report about Plaintiff.

11.   The consumer report prepared by Truth Finder and sold to the thrift store inaccurately stated that Plaintiff had a felony conviction for forgery in the State of Georgia.

12.   The information being reported by Truth Finder regarding the Georgia felony conviction is false.

13. Plaintiff has never been convicted of, or charged with, forgery.

14. Further, Plaintiff has never even been to the State of Georgia.

15. As a result of Truth Finder's actions/inactions, Plaintiff was denied the opportunity to work at the thrift store.

16. As a result of the conduct, action, and/or inaction of Truth Finder, Plaintiff suffered from embarrassment and humiliation.

## COUNT I
**Violations of the Fair Credit Reporting Act as to TruthFinder, LLC**

17. Plaintiff re-alleges and incorporates paragraphs 1 through 16 above as if fully set forth herein.

18. Truth Finder violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

19. As a result of this conduct, action and inaction of Truth Finder, Plaintiff suffered from loss of opportunity as well as embarrassment and humiliation.

20. Truth Finder's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

21. In the alternative, Truth Finder was negligent, entitling Plaintiff to recovery under 15 USC § 1681o.

22. Plaintiff is entitled to recover costs and attorney's fees from Truth Finder in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TruthFinder, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

        Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Morgan & Morgan, Tampa, P.A.
201 N. Franklin St., Suite 700
Tampa, Florida 33602
Telephone: 813-577-4729
Facsimile: 813-559-4831
FKerney@ForThePeople.com
MMartinez@forthepeople.com
*Counsel for Plaintiff*